IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AMERICAN INTERIOR** | : | |
| **CONSTRUCTION, INC.,** | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 06-4590 |
| | : | |
| **CHARLES G. JONES, ET AL.,** | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM AND ORDER

**Tucker, J.**                                                                                                                        **March ___, 2007**

Presently before this Court is Defendant Ethan Allen Global, Inc.'s Motion to Dismiss the Complaint (Doc. 10). For the reasons set forth below, upon consideration of Defendant's Motion and Plaintiff's Response thereto (Doc. 17), this Court will grant in part and deny in part Defendant's Motion.

## BACKGROUND

On or around October 10, 2006, Plaintiff American Interior Construction, Inc. filed a complaint against Defendants Charles G. Jones, Jr., Ethan Allen Global, Inc. ("Ethan Allen" or "Defendant"), Retail Construction & Development, Charles G. Jones, Jr., Inc., and National Tenant Construction of Virginia. In the Complaint Plaintiff generally alleges that it entered into a subcontract agreement with National Tenet Construction ("NTC")[1] for construction services at

---

[1] NTC is not a party to this case. Plaintiff, however, has filed a separate lawsuit against NTC in a civil action captioned <u>Am. Interior Const. Inc. v. Nat'l Tenant Const.</u>, Civil Case No. 06-234. On March 12, 2007, this

the Ethan Allen furniture store in the King of Prussia Mall, King of Prussia, PA and that it is owed a balance of $184,744.99 for services rendered under the subcontract. Plaintiff also alleges that Ethan Allen, as owner, entered into a general contract agreement ("General Contract") with NTC.

According to Plaintiff, it adequately performed all the work requested in accordance with the subcontract agreement and timely submitted requests for payments to NTC. NTC, however, notified Plaintiff that full payment would not be forthcoming because NTC was having financial problems. Plaintiff alleges, in part, that NTC's financial difficulties stem from the fact that Ethan Allen withheld "approximately $130,000.00 in retainage money" from NTC and withheld payment to NTC for extra work performed by subcontractors, including Plaintiff. (Compl. ¶¶ 54, 55).

With regard to Defendant Ethan Allen, Plaintiff alleges a breach of contract on the basis that Plaintiff was a third-party beneficiary to the General Contract between Ethan Allen and NTC (Count III). Plaintiff also alleges that Ethan Allen has been unjustly enriched by benefitting from Plaintiff's construction services "without appropriate compensation for . . . material[s] and services" (Count IV).

## STANDARD OF REVIEW

In considering a motion to dismiss under Rule 12(b)(6), the court "must take all the well pleaded allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the pleadings, the plaintiff may be entitled to relief." Colburn v. Upper Darby Township, 838 F.2d 663, 665-66 (3d Cir. 1988) (citations

---

Court granted Plaintiff's Unopposed Motion for Judgment on the Pleadings.

omitted), cert. denied, 489 U.S. 1065 (1989); see Rocks v. City of Philadelphia, 868 F.2d 644, 645 (3d Cir. 1989).  The court must decide whether "relief could be granted on any set of facts which could be proved." Ransom v. Marrazzo, 848 F.2d 398, 401 (3d Cir. 1988).  A motion to dismiss may be granted only "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

## DISCUSSION

**I.      Third Party Beneficiary Claim (Count III)**

As the parties acknowledge, there exists no direct contract between Plaintiff and Defendant.  To recover against Defendant, therefore, Plaintiff relies on a third party beneficiary theory.   Under Pennsylvania law, a party is a third party beneficiary "only where both parties to the [underlying] contract express an intention to benefit the third party" in the contract itself. Scarpitti v. Weborg, 609 A.2d 147, 150 (Pa. 1992).  Further, courts will not require an express intention in order to find that the third party has standing under the contract if the (1) circumstances are so compelling that "recognition of the beneficiary's right is appropriate to effectuate the intentions of the parties, and the performance satisfies an obligation of the promisee to pay money to the beneficiary" or (2) "circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance." Id. at 150-51 (citing Guy v. Liederbach, 459 A.2d 744, 51 (1983)).

To show that Defendant and NTC expressed an intention to benefit Plaintiff in the General Contract, Plaintiff relies on various terms of the contract that specifically mention subcontractors, including terms that require NTC to supply to Ethan Allen affidavits of payment

3

made to subcontractors and that allow modification to progress payments based on sums claimed due by subcontractors.  Taken in the light most favorable to Plaintiff, these terms may be enough to show an express intention by Defendant and NTC to benefit Plaintiff.  Thus, Plaintiff has set forth sufficient facts to show that it may be entitled to relief as a third party beneficiary to the General Contract.

Defendant has not shown that Plaintiff fails to prove any set of facts in support of its third party beneficiary claim.  Defendant's motion to dismiss Count III of the Complaint is therefore denied.

**II.     Unjust Enrichment Claim (Count IV)**

In Count IV of the Complaint, Plaintiff alleges that Defendant received the benefit of Plaintiff's materials and services "without appropriate compensation for said material[s] and services[,]" and that it would be "unconscionable" for Ethan Allen to retain this benefit.  (Compl. ¶¶ 58, 61).  Accordingly, Plaintiff alleges that it is entitled to damages under the theory of unjust enrichment.

To recover under the theory of unjust enrichment it does not suffice to merely show that a benefit was conferred on Defendant by Plaintiff without compensation to Plaintiff.  Rather, Plaintiff must show that Defendant's retention of the said benefit is unjust.  D.A. Hill Co. V. CleveTrust Realty Investors, 573 A.2d 1005, 1009 (Pa. 1990).  Where there is no direct contractual relationship between an owner and subcontractor, as here, "the owner's retention of the benefit without paying any compensation to the subcontractor would not be unjust if the owner did not . . . mislead the subcontractor."  Id.  The key to Plaintiff's unjust enrichment claim, therefore, is whether Defendant Ethan Allen mislead Plaintiff to receive the benefit of Plaintiff's

services and materials.[2]

Here, Plaintiff does not allege any facts to show that it was mislead by Defendant or that it contracted directly with Defendant. Accordingly, Plaintiff's unjust enrichment claim fails as a matter of law and must be dismissed.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss the Complaint is granted in part and denied in part. Judgment is entered in favor of Defendant Ethan Allen and against Plaintiff on Count IV for unjust enrichment. Defendant's Motion is denied as to Count III.

An appropriate order follows.

---

[2] As stated above, Plaintiff does not allege a direct contractual relationship with Ethan Allen.